UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
REGINALD SONDS,                     )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 04-0690 (PLF)
                                    )
RICHARD L. HUFF, <u>et al.</u>,     )
                                    )
            Defendants.             )
_____)

OPINION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges the Drug Enforcement Administration's ("DEA") inability to locate responsive records. He also accuses individual DEA employees of violating his constitutional rights during the processing of his FOIA request. Before the Court is defendants' motion to dismiss or for summary judgment and motion to substitute the Department of Justice as the sole defendant. The FOIA provides a cause of action only against Executive Branch departments and regulatory agencies. <u>See Sherwood Van Lines, Inc. v. U.S. Dep't of Navy</u>, 732 F. Supp. 240, 241 (D.D.C. 1990). The Drug Enforcement Administration is a component of the Department of Justice. Moreover, the FOIA's comprehensive remedial scheme addresses all claims relating to the disclosure of government records and therefore precludes any recovery against individual officials for alleged constitutional violations arising from the processing of a FOIA request. <u>Johnson v. Executive Office for United States Attorneys</u>, 310 F.3d 771, 777 (D.C. Cir. 2002). The Court therefore grants the motion to substitute the Department of Justice as the sole

defendant and will refer hereafter to defendant in the singular.[1]  Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's motion for summary judgment.[2]

## I.  FACTUAL BACKGROUND

The facts are taken from defendant's uncontested statement of material facts as supported by the Declaration of Leila I. Wassom ("Wassom Decl.").  By letter dated August 18, 2003, plaintiff requested from DEA fourteen items or categories of information.  His list included "1. Brady materials, 2. Nitro Reports NYPD,  3. Kings County District Attorneys Office, [and] 4. Arson at 207-209 Patchen Ave. on January 31, 1993 in Brooklyn."  Plaintiff also sought grand jury material, records pertaining to a number of third-party individuals (including the murders of two individuals, the attempted murder of another, and the rap sheets of others), as well as information about a Mercedes-Benz and a Cadillac "owned by Juan Matos."  Plaintiff also sought "video tapes & recorders of" certain street sections in an unspecified city.  See Statement of Material Facts as to Which There is No Genuine Dispute in Support of Defendants' Motion for Summary Judgment ("Deft's Facts") ¶ 1 (setting forth request verbatim).  By letter dated October 2, 2003, DEA informed plaintiff that it had located no responsive records.

---

[1]   For ease of case administration, the case caption will remain unchanged.

[2]   On March 7, 2005, plaintiff filed an opposition that in substance was a motion pursuant to Rule 56(f), Fed. R. Civ. P., to permit him to conduct discovery so that he could "submit[] all the declarations [and] other materials that support [his] version of the facts."  Plaintiff's Opposition to Defendants 3 [sic] Motions for Summary Judgment and Motion to Dismiss and Motion to Substitute at 1.  On May 4, 2005, plaintiff filed, without permission, a 109-page opposition that addresses the substance of defendant's motion [Doc. No. 35].  Defendant has not objected to that filing or moved to strike it.  The Court therefore deems it to be properly filed and considers it as plaintiff's opposition to the pending summary judgment motion.

By letter also of October 2, 2003, plaintiff requested a fee waiver and added two other items to his request, namely, "15) internal Federal Agencys Memos reports called 209s & 302s; and 16) information about Robert J. Aiello, former NYS trial Esq. & C.L. Pollac, MJ courtRm Feds Re:ME." Deft's Facts ¶ 4.[3]  By letter dated October 14, 2003, DEA informed plaintiff that a fee waiver was not required because it had located no responsive records. Id. ¶ 5. On administrative appeal, the Office of Information and Privacy affirmed DEA's decision. Id. ¶ 12.

Plaintiff initiated this action on April 28, 2004. "Pursuant to a litigation review," DEA determined that it had responded only to plaintiff's request for records about himself and therefore had not provided a complete response. Deft's Facts ¶ 13. After a further search, by letter dated September 3, 2004, DEA informed plaintiff that in addition to not locating records about him, it did not "maintain New York police department records, and that his request for 'Nitro reports NYPD' failed to describe the records he seeks." Id ¶ 14. In addition, DEA informed plaintiff that it did not maintain grand jury records and records of non-DEA entities. He was told that to obtain non-DEA government records, he should contact the appropriate agencies. Id. DEA informed plaintiff that "[h]is request for information about an arson was not

---

[3]  In addition to the two FOIA requests before the Court, plaintiff includes in the complaint items listed as 17-27. Complaint at 5-9. Plaintiff has not disputed defendant's claim that it did not receive a request for those items. See Memorandum of Point and Authorities in Support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment and Motion to Substitute the United States Department of Justice as the Sole Defendant at 10, n.6. He therefore has failed to state a claim upon which relief may be granted on what at best is an unexhausted claim. See Hidalgo v. FBI, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (while exhaustion is not jurisdictional, "as a jurisprudential doctrine, failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its determinations in the first instance).

made in a manner permitting DEA to search . . . since no individual to whom the incident related was specified." Id. With respect to his request for third-party records, DEA informed plaintiff that it could not disclose such information without proof of the individual's death or his or her consent to the disclosure. It therefore neither confirmed nor denied the existence of third-party records. Id. DEA informed plaintiff that it had located no records about the Cadillac and Mercedes-Benz, and that his request for "'video tapes and recorders' of four different street addresses did not reasonably describe a record and the information was insufficient for DEA to conduct any search." Id. DEA informed plaintiff that his requests of October 2, 2003, for two additional items "did not reasonably describe any records and were incomprehensible." Id.

In response to DEA's letter, plaintiff, by letter of October 8, 2004, "reiterated his requests for information about his criminal investigation. . . ." Deft's Facts ¶ 15. DEA retrieved plaintiff's criminal docket, "obtained the names of plaintiff's co-accuseds, and conducted [] searches based on each name." It located no responsive records. Id. ¶ 16.

## II.  DISCUSSION

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits or declarations, if any, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Rule 56(c), Fed. R. Civ. P.  In a FOIA action, the Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary

evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981); see also Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974). When, as here, responsive records are not located, the Court must determine whether the agency conducted an adequate search for records. A search is adequate if the agency demonstrates "beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." Weisberg v. United States Dep't of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983); see Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325-26 (D.C. Cir. 1999); Blanton v. U.S. Dep't of Justice, 63 F. Supp.2d 35, 40-41 (D.D.C. 1999). "Once the agency has shown that its search was reasonable, the burden shifts to [plaintiff] to rebut [defendant's] evidence by a showing that the search was not conducted in good faith." Moore v. Aspin, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing Miller v. U.S. Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985)).

*1.  Adequacy of the Search*

The Court is satisfied from the descriptions of DEA's filing system and the searches for records about plaintiff and his "co-accuseds" that defendant conducted a search likely to locate all responsive records. See Wassom Decl. ¶¶ 11-14, 21. According to Ms. Wassom "[a]ny investigative information about plaintiff was reasonably likely to be found in the DEA's Investigative Reporting and Filing System ("IRFS")," which contains "all administrative, general and investigative files compiled by DEA for law enforcement purposes." Id. ¶ 11. Searches are conducted by accessing DEA's Narcotics and Dangerous Drugs Information System ("NADDIS"), which is the "index to and the practical means by which DEA retrieves investigative reports and information from IRFS." Id. ¶ 13.

"Individuals are indexed and identified in NADDIS by their name, Social Security Number, and/or date of birth." Id. DEA searched for first-party records using those identifiers. Id. ¶ 14. It searched for third-party records by name only because "[d]ates of birth and Social Security Numbers were not available." Id. ¶ 21. DEA reasonably surmised from its inability to locate records that it "was not involved in the investigation of the case in which the plaintiff was prosecuted." Id. In the absence of any evidence to the contrary, the Court will grant defendant's motion with respect to DEA's search for responsive records.

### 2. Application of Exemptions

The Court also is satisfied from the Wassom declaration that DEA properly responded to plaintiff's request for third-party records. Invoking FOIA exemptions 6 and 7(C), DEA neither confirmed nor denied the existence of third-party records where plaintiff had provided neither written waivers from the individuals about whom he sought records nor proofs of death. Wassom Decl. ¶¶ 23-27. This response is commonly known as a Glomar response in reference to the subject of a FOIA request for records pertaining to a ship, the "Hughes Glomar Explorer." See Phillippi v. Central Intelligence Agency, 546 F.2d 1009 (D.C. Cir. 1976). Such a response has been deemed adequate in circumstances similar to those presented here by the United States Court of Appeals for the District of Columbia Circuit. See Nation Magazine v. United States Customs Service, 71 F.3d 885, 893-94 (D.C. Cir. 1995); Beck v. Department of Justice, 997 F.2d 1489, 1492 (D.C. Cir. 1993).

Exemption 6 protects information about individuals in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552 (b)(6). All information that "applies to a particular

individual," qualifies for consideration under this exemption.  U.S. Dep't of State v. Washington Post Co., 456 U.S. 595, 602 (1982); see also  New York Times Co. v. NASA, 920 F.2d 1002, 1005 (D.C. Cir. 1990) (en banc); Chang v. Dep't of Navy, 314 F. Supp.2d 35, 42-43 (D.D.C. 2004).  DEA records are indexed and retrieved by names, social security numbers and dates of birth.  Wassom Decl. ¶ 13.  This satisfies the threshold requirement of exemption 6.  See U.S. Dep't of State v. Washington Post Co., 456 U.S. at 602 (interpreting "similar files" broadly to include "'detailed Government records on an individual which can be identified as applying to that individual.'") (quoting H.R. Rep. No.1497, 89th Cong., 2nd Sess., 11 (1966), U.S. Code Cong. & Admin.News 1966, p. 2428.)

   Exemption 7(C) protects from disclosure information compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).  Plaintiff requested records pertaining to criminal investigations, which are "reasonably likely to be found in the DEA's Investigative Reporting and Filing System. . . compiled by DEA for law enforcement purposes."  Wassom Decl. ¶ 11.  This satisfies the threshold requirement of exemption 7(C).

   Both exemptions 6 and 7(C) require the balancing of the strong privacy interests in the nondisclosure of third-party records against any asserted public interests in their disclosure.  The analysis is the same under both exemptions.  Cf. Chang v. Dep't of Navy, 314 F. Supp.2d at 43 (exemption 6) with Blanton v. U.S. Dep't of Justice, 63 F. Supp.2d at 45 (exemption 7(C)); see also Beck v. Department of Justice, 997 F.2d at 1491 (although the "protection available under these exemptions is not the same, . . . [t]he same [balancing] standard" applies).  Because the responsive records at issue here are maintained in law enforcement

files, the Court will address the issue under the "somewhat broader" protection of exemption 7(C).  Beck v. Department of Justice, 997 F.2d at 1491 (citation omitted).  It is settled that the privacy interests of third parties mentioned in law enforcement files are "substantial," while "[t]he public interest in [their] disclosure is not just less substantial, it is insubstantial." SafeCard Services, Inc., v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991).  Moreover, a Glomar response is appropriate "if confirming or denying the existence of the records would associate the individual named in the request with criminal activity."  Nation Magazine v. United States Customs  Service, 71 F.3d at 893.

        Exemption 7(C) requires the release of protected information only when the requester demonstrates the existence of an overriding public interest by showing that "responsible officials acted negligently or otherwise improperly in the performance of their duties," National Archives and Records Administration v. Favish, 124 S.Ct. 1570, 1581 (2004), and that the information is necessary to "shed any light on the [unlawful] conduct of any Government agency or official."  United States Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 772-73 (1989).  The requester "must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake [and that] . . . the information is likely to advance that interest." National Archives and Records Administration v. Favish, 124 S.Ct. at 1580-81.  In making such a showing, a requester must assert "more than a bare suspicion" of official misconduct. Id. at 1581.  He "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred."  Id; accord Quinon v. FBI, 86 F.3d  1222, 1231 (D.C. Cir. 1996) (internal citations omitted) (the requester must produce

"compelling evidence that the agency denying the FOIA request is engaged in illegal activity and [must] show[] that the information sought is necessary in order to confirm or refute that evidence"). If such evidence is produced, the Court then must weigh the substantial privacy interests against the asserted public interests. National Archives and Records Administration v. Favish, 124 S.Ct. at 1582. Disclosure is required only if the Court concludes that the public interests outweigh the private interests.

        Plaintiff appears to assert that he is entitled to any responsive records so that he may challenge his criminal conviction "because he is innocent." Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment and Motion to Substitute the U.S. Department of Justice as the Sole Defendant at 1. Beyond this conclusory assertion, plaintiff provides scant support for this assertion and no evidence of unlawful conduct or impropriety by government officials. See National Archives and Records Administration v. Favish, 124 S.Ct. at 1581 (requiring the production of evidence that reasonably establishes government impropriety). He therefore has not demonstrated that the strong privacy interests of third parties are overborne by the public interest in disclosure. A requester's "personal stake in using the requested records to attack his convictions" is not enough to meet the public interest test. Oguaju v. United States, 288 F.3d 448, 450 (D.C. Cir. 2002), vacated and remanded on other grounds, 124 S.Ct. 1903 (2004), reinstated, 378 F.3d 1115 (D.C. Cir. 2004) (citation omitted); see also Smith v. Bureau of Alcohol, Tobacco and Firearms, 977 F. Supp. 496, 499-500 (D.D.C. 1997) (requests for exculpatory material are "outside the proper role of FOIA"); Nishnic v. United States Dep't of Justice, 671 F. Supp. 776, 791 (D.D.C. 1987) (plaintiff's interest in Brady material is a "decidedly private interest"). Because plaintiff has not met his burden of demonstrating an overriding public interest, the Court will grant defendant's motion with respect to its Glomar

response. See Oguaju v. United States, 288 F.3d at 450 ("Oguaju can avoid Exemption 7(C) only by showing that the public interest in release of the information he requested outweighs [the third party's] privacy interest in its suppression.").

### 3. Non-Processing of Requested Material

An agency is obligated to make records available "upon any request . . . which (i) reasonably describes such records," 5 U.S.C. § 552 (a)(3)(A), except those that are protected by exemptions. "[A]gencies are not required to perform searches which are not compatible with their own document retrieval systems." Judicial Watch, Inc. v. Export-Import Bank, 108 F. Supp. 2d 19, 27 (D.D.C. 2000) (citation omitted). In addition, an agency is obligated to produce only those records that are in its custody and control at the time of the FOIA request. McGehee v. Central Intelligence Agency, 697 F.2d 1095, 1110 (D.C. Cir. 1983). It is not required to respond to a FOIA request that should be directed to another agency. See, e.g., Moore v. Aspin, 916 F. Supp. 32, 36 (D.D.C. 1996); Epps v. U.S. Dep't of Justice, 801 F. Supp. 787, 790 (D.D.C. 1992), aff'd in relevant part, 995 F.2d 305 (D.C. Cir. 1993).

DEA responded properly to plaintiff's request for records of the New York Police Department, the Kings County District Attorney's Office, the Kings County Probation Department, and non-DEA components of the Department of Justice. See Deft's Ex. J. Moreover, because DEA's files are indexed by names, dates of birth, and social security numbers, DEA reasonably determined that plaintiff's requests for information about an arson, the apparent surveillance of certain streets or neighborhoods, the Mercedes-Benz and Cadillac, and his additional two requests of October 2, 2003, were either too vague for it to process or not amenable to a search.

For the foregoing reasons, the Court grants defendant's motion for summary judgment and to substitute. A separate Order accompanies this Opinion.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 27, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| REGINALD SONDS, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 04-0690 (PLF) |
|  | ) |
| RICHARD L. HUFF, et al., | ) |
|  | ) |
| Defendants. | ) |

ORDER

For the reasons stated in the accompanying Opinion, it is hereby

ORDERED that defendant's motion to dismiss or for summary judgment and to substitute the United States Department of Justice as the sole defendant [# 20] is GRANTED; and it is

FURTHER ORDERED that this case is DISMISSED. This is a final appealable Order. See Rule 4, Fed. R. App. P.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 27, 2005